UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY DEWAYNE SMITH,<br>*a/k/a* ANTHONY DWAYNE SMITH,<br><br>Defendant. | ) | Criminal Action Nos.<br>6:14-CR-09-CHB-HAI-1 &<br>6:22-CR-039-CHB-HAI-1<br><br>**ORDER ADOPTING RECOMMENDED DISPOSITION** |

*** *** *** ***

This matter is before the Court following Defendant Anthony Dewayne Smith's final revocation hearing on charges of violating conditions of supervised release in two separate cases. *See* Criminal Action No. 6:22-cr-39-CHB, at [R. 89]; Criminal Action No. 6:14-cr-09-CHB, at [R. 111].[1] At the hearing, Defendant stipulated to the violations set forth in the Violation Reports, and Magistrate Judge Ingram found Defendant competent to so stipulate, and that the stipulation was knowingly, voluntarily, and intelligently made. [R. 89, p. 4].

In his Recommended Disposition, Magistrate Judge Ingram went on to consider the factors outlined in 18 U.S.C. § 3583(e)(3). *See generally United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Having fully considered the charges and the record before him, Magistrate Judge Ingram recommended that Defendant be found guilty of Violations #1 and #2 in the Violation

[1] Magistrate Judge Ingram filed a single Recommended Disposition in both cases. For ease of reference, the Court will hereafter cite to the Recommended Disposition in Criminal Action 6:22-cr-039-CHB.

Report, that Violations #3 and #4 be dismissed at the United States' request, that Defendant's supervised release be revoked, and that he be imprisonment for a term of twenty-one months, with no additional supervised release. [R. 89, p. 10].

Magistrate Judge Ingram informed Defendant of his right of allocution and his right to object to the recommendation. *See id.* at 10–11. The fourteen-day objection period has expired, and neither party has objected to the Recommended Disposition.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed R. Crim P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made"). Nevertheless, the Court has reviewed the record and agrees with Magistrate Judge Ingram's Recommended Disposition. The Court thus, with no objection from any party and on full review of the record and Magistrate Judge Ingram's thorough treatment, **ORDERS** as follows:

1. Magistrate Judge Ingram's Recommended Disposition is **ADOPTED** as the opinion of this Court, and the Court **ADJUDGES** Defendant Anthony Dewayne Smith guilty of Violations #1 and #2.
2. The United States' motion to dismiss Violations #3 and #4 is **GRANTED** and those

charges are **DISMISSED**.

3. The Court **REVOKES** supervision and **SENTENCES** Defendant to twenty-one (21) months' imprisonment, with no additional supervised release.

4. The Court will enter an appropriate revocation judgment.

The 14th day of August, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY